UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 25-1704 (UNA) |
| | ) |
| PRESIDENT DONALD TRUMP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* Complaint and Request for Injunction (ECF No. 1, "Compl."). The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

This civil action pertains to Executive Order 13899, *see* Compl. at 5-6 (page numbers designated by CM/ECF), and the current President's Executive Order, *see generally* E.O. 14188, Fed. Reg. 8847 (Jan. 29, 2025), and the administration's efforts to combat anti-Semitism, *see* Compl. at 8-10. According to plaintiff, the Executive Orders violate the United States Constitution, *see id*. at 8, because, among other things, they "establish favoritism to one religion over another," *id*. at 5, and the President had no constitutional authority to execute them, *see id*. at 6, 8-9. Plaintiff demands an award of $76,000 and "a permanent injunction," *id*. at 6, presumably to bar implementation of the Executive Order.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy

1

requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Nowhere does plaintiff state whether and how issuance or implementation of the Executive Orders affect him personally, and thus fails to demonstrate standing to sue. Rather, because plaintiff appears to raise "only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74, thereby failing to "state an Article III case or controversy," *id*.

The Court concludes that it lacks subject matter jurisdiction. Therefore, the complaint and this civil action will be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h). An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: June 18, 2025